UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No.: _____

NATALYA KUTORKYNA IDRISOV,   )
                              )
    Plaintiff,                )
                              )
v.                            )
                              )
CHARTER SCHOOLS USA AT        )
TRADITION ST. LUCIE, LLC d/b/a)
RENAISSANCE CHARTER SCHOOL AT )
TRADITION,                    )
                              )
    Defendant.                )
_____)

## COMPLAINT

Plaintiff, NATALYA KUTORKYNA IDRISOV ("Plaintiff"), sues the Defendant, CHARTER SCHOOLS USA CHARTER SCHOOLS USA AT TRADITION ST. LUCIE, LLC d/b/a RENAISSANCE CHARTER SCHOOL AT TRADITION ("Defendant"), and alleges as follows:

### NATURE OF ACTION

1.      This action involves the application of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII" or the "PDA"); Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); the Florida Civil Rights Act, Fla. Stat. § 760 *et seq*. (the "FCRA"); and Florida common law.

### JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4). Jurisdiction is also invoked pursuant to 42 U.S.C.A. § 2000e-5(f), 28 U.S.C.A. §§ 1343(3) and 1343(4), and pursuant to 28 U.S.C.A. § 1367.

1

3.  Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, reside in the judicial district and because the employment records of Plaintiff are stored or have been administered in St. Lucie County.

**PARTIES**

4.  At all times material, Plaintiff was and is a female resident of St. Lucie County, Florida.

5.  Plaintiff was an "employee" of Defendant as defined by the PDA, the ADA and the FCRA.

6.  At all times material, Defendant is a Florida corporation doing business in St. Lucie County, Florida.

7.  Defendant employs more than 15 employees and was Plaintiff's employer within the meaning of the PDA, the ADA and the FCRA.

**CONDITIONS PRECEDENT**

8.  Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was dual-filed with the Florida Commission on Human Relations ("FCHR") against Defendant on August 28, 2015.

9.  On or about March 31, 2016, the EEOC issued a Right to Sue Letter. The instant action is being filed within 90 days from receipt of the Right to Sue Letter.

10. All conditions precedent have been satisfied, waived or excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

11. Defendants employed Plaintiff as a substitute teacher and later as a second grade teacher from February 2014 to May 19, 2015.

12. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

13. Defendant is an elementary school teacher and in the business of education.

14. At the beginning of March 2015, Plaintiff informed her Team Leader, Andrea Johnson; Principal, Stacy Schmidt; and, Assistant Principal, Allison Simpson, that she was pregnant.

15. She specifically informed them that she was due the beginning of September 2015.

16. Plaintiff further informed these individuals that she was having pregnancy complications that would require her to see additional specialists.

17. Plaintiff requested an accommodation in the form of a substitute teacher for her class on the days she needed to leave early for her doctors' appointments.

18. Defendant failed to accommodate Plaintiff's request to arrange a substitute teacher for her doctor's appointments.

19. For example, if someone came to cover for Plaintiff, that person was always sent away or came late, making Plaintiff late for her doctors' appointments.

20. Plaintiff made numerous complaints about this issue.

21. On May 18, 2015, a student, who was known to have behavioral problems, began being disruptive in Plaintiff's class.

22. Plaintiff spoke to the student several times and he refused to comply with her instructions.

23. Plaintiff called the front office, in tears, asking them to remove that student.

24. The student was removed and put in another classroom. By the end of the day, however, that student was sent back to Plaintiff's classroom.

25. The student continued to be disruptive and disobedient. Plaintiff asked him to leave her classroom several times and he refused.

26. Plaintiff then, very gently, pulled him up by his backpack and took him outside of the classroom.

27. About 45 minutes later, Ms. Schmidt called Plaintiff and said that the student's mom complained that there was a red mark on his neck.

28. It would have been impossible for the red mark to be made from the backpack as Plaintiff pulled him up by his backpack straps and the straps for the backpack were on his shoulders, not his neck.

29. The next day, this student was transferred out of Plaintiff's class.

30. Plaintiff had previously requested that this student be transferred out of her class for months, but Defendant refused.

31. Defendant would not transfer him out of Plaintiff's class because it was "late in the school year" or it would be "too stressful" on the student to switch teachers, even though the previous year this particular student had three teachers.

32. The next day, this same student shoved another student into a fence and caused that student to bleed.

33. On May 19, 2015, Assistant Principal, Stacey Valburn and Registrar, Kristin Heiges, suspended Plaintiff for the previous day's incident.

34. Plaintiff was told to turn in her keys and computer and was walked out to her car.

35. Plaintiff was told that it took 3-5 days for an investigation and was asked to write a statement.

36. On the 6th day, after receiving no communication from Defendant, Plaintiff inquired about the results of the investigation.

37. Plaintiff did not receive a call back until May 28, 2015, 9 days after her suspension.

38. Plaintiff was informed that she was terminated and that she should contact Human Resources for more detail.

39. When Plaintiff contacted Human Resources, she was told that she could not be given any further explanation and since Plaintiff was an "at will employee" the company could terminate her without a reason.

40. Prior to Plaintiff's termination, Plaintiff had a stellar employment record and was even given a gift card for never missing a school day.

41. The incident with the student, which was not properly investigated, was a pretext for Plaintiff's termination.

42. Upon information and belief, Defendants hired someone who was not pregnant to replace Plaintiff.

**COUNT I: VIOLATION OF THE PDA**

43. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

44. Plaintiff was a member of a protected class of pregnant citizens.

45. She was qualified for position of second grade teacher.

46. Plaintiff informed Defendant that she was pregnant.

47. Defendant terminated Plaintiff and subjected her to disparate treatment because of her pregnancy in violation of the PDA.

48. Because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

49. As a direct and proximate result of the actions of Defendant set forth above, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

50. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

(a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the PDA;

(b) Injunctive relief ordered by the court enjoining and permanently restraining these violations of the PDA by Defendant;

(c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) An award of compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) An award of punitive damages, according to proof;

(f) An award of the costs of this action together with reasonable attorney's fees;

(g) Such other and further relief as the Court deems just and proper.

## COUNT II: VIOLATION OF THE FCRA -- GENDER DISCRIMINATION

51.   Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

52.   Plaintiff was a member of a protected class of female citizens.

53.   She was qualified for position of second grade teacher.

54.   Plaintiff informed Defendant that she was pregnant.

55.   Defendant terminated Plaintiff and subjected her to disparate treatment because of her sex/pregnancy in violation of the FCRA.

56.    At all times material hereto, the Defendant failed to comply with the FCRA which states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex*, national origin, age, handicap, or marital status.

57.   Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of the FCRA, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

58.   As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being, and will be

7

in the future, deprived of income in the form of wages and of prospective benefits due to the Plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) A declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

(b) Injunctive relief ordered by the court enjoining and permanently restraining these violations of the FCRA by Defendant;

(c) An order of this Court directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for Defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) An award of compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) An award of punitive damages, according to proof;

(f) An award of the costs of this action together with reasonable attorney's fees,

(g) Such other and further relief as the Court deems just and proper.

## COUNT III: VIOLATION OF THE ADA – DISABILITY DISCRIMINATION

59. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

60. Plaintiff experienced substantial complications during her pregnancy.

61. Plaintiff's condition qualified as a disability within the meaning of the ADA.

62. Defendant was aware of Plaintiff's disability and perceived Plaintiff's condition as a disability.

8

63. At all times during her employment, Plaintiff was qualified to perform the essential functions of her position, with or without reasonable accommodations.

64. Defendant intentionally engaged in unlawful employment practices and discrimination in violation of the ADA by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment and ultimately terminating her.

65. The reasons for Plaintiff's termination were pretextual and false and were put forward solely to disguise the illegal and ugly reality of Defendant's actions.

66. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

67. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

(b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

(c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

(d) Award Plaintiff prejudgment interest on her damages award;

(e) Award Plaintiff reasonable costs and attorney's fees; and

(f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT IV: VIOLATION OF THE ADA – FAILURE TO ACCOMMODATE

68. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

69. Plaintiff experienced substantial complications during her pregnancy.

70. Plaintiff's condition qualified as a disability within the meaning of the ADA.

71. Defendant was aware of Plaintiff's disability and perceived Plaintiff's condition as a disability.

72. Plaintiff requested a reasonable accommodation or assistance for her disability as described in the General Allegations section of this Complaint.

73. Defendant did not make a good faith effort to assist Plaintiff with her accommodations.

74. Plaintiff could have been reasonably accommodated but for Defendant's lack of good faith.

75. Defendant could have reasonably accommodated Plaintiff, without any undue hardship to its business, but failed to do so.

76. Instead of reasonably accommodating Plaintiff in good faith, Defendant terminated Plaintiff after she lodged a complaint.

77. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered and will continue to suffer, emotional pain and mental anguish.

78. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the ADA;

(b) Award Plaintiff actual damages suffered, including lost wages, lost fringe benefits and damages;

(c) Award Plaintiff compensatory damages under the ADA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has and continues to suffer;

(d) Award Plaintiff prejudgment interest on her damages award;

(e) Award Plaintiff reasonable costs and attorney's fees; and

(f) Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## COUNT V: VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION

79. Plaintiff repeats and re-alleges paragraphs 1-42 as if fully stated herein.

80. Defendant's treatment of Plaintiff as described above is based on Plaintiff's disability or handicap and Defendant's perception of the same.

81. Defendant did not treat similarly situated, non-disabled individuals in the same manner.

82. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of her employment in violation of the FCRA.

83. Plaintiff has been subjected to disparate treatment because of her disability or handicap in violation of the FCRA, and because of such actions by Defendant she has suffered both irreparable injury and compensable damage unless and until this Court grants relief.

84. As a direct and proximate result of the above-described actions of Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.

85. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant, as follows:

(a) Issue a declaration that the acts and practices of Defendant complained of in this Complaint are in violation of the FCRA;

(b) Award injunctive relief ordered by the Court enjoining and permanently restraining these violations of the FCRA by Defendant.

(c) Award actual damages suffered, including lost wages, lost fringe benefits and damages;

(d) Award compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) Award punitive damages, according to proof;

(f) Award Plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA; and

(g) Award any other and further relief as the Court deems just and proper.

Dated: May 4, 2016.

By:*/s/ R. Martin Saenz*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 015099
Email: ria@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile:  (888) 270-5549